UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. _____

EDGARDO ACEVEDO CANCELA and
CASSANDRA ESCOBAR CABAN,

    Plaintiffs,

vs.

SHERIFF GRADY JUDD, in his official capacity as Sheriff
of Polk County, Florida, and DEPUTY SEAN JONES,
Individually,

    Defendants.
_____/

## COMPLAINT
### (Jury Trial Demanded)

Plaintiffs, Edgardo Acevedo Cancela (hereinafter referred to as "Cancela"), and Cassandra Escobar Caban (hereinafter referred to as "Caban"), hereby sue Defendants, Sheriff Grady Judd, in his official capacity as Sheriff of Polk County, Florida, and Deputy Sean Jones, Individually, (hereinafter referred to as Deputy Jones), and alleges:

### GENERAL ALLEGATIONS

1. This is an action brought pursuant to the provisions of 42 U.S.C. § 1983 and 1988 and Fourth Amendment to the United States Constitution, together with state law claims.

2. This Court has jurisdiction of this action pursuant to provision 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Jurisdiction over the state law claims is based upon the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367.

1

3. At all times material hereto, Plaintiff, Edgardo Acevedo Cancela, was and is a resident of Polk County, Florida, and the United States of America.

4. At all times material hereto, Plaintiff, Cassandra Escobar Caban, was and is a resident of Polk County, Florida, and the United States of America.

5. At all times material hereto, Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, were married and living together as husband and wife.

6. At all times material hereto, Sheriff Grady Judd was and is the Sheriff and a resident of Polk County, Florida.

7. At all times material hereto, Sheriff Grady Judd employed Sean Jones as a deputy sheriff.

8. At all times material hereto, Deputy Jones was a resident of Polk County, Florida, and a deputy sheriff of Sheriff Grady Judd.

9. And at all times material hereto, Deputy Jones was acting in the course and scope of his employment and under the color of State law, unless otherwise indicated, and Deputy Jones is sued herein in his individual capacity.

10. On or about December 29, 2022, Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, furnished the Polk County Sheriff's Office and Department of Financial Services with written notice of claim via certified mail – return receipt requested pursuant to Section 768.28, Florida Statutes.

11. Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, have complied with all conditions precedent, including the conditions precedent set forth in Section 768.28, Florida Statutes, prior to filing this civil action.

2

12. Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, have retained the undersigned counsel and agreed to pay them reasonable attorney's fees to represent them in this action.

## STATEMENT OF FACTS

13. Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, were living together as husband and wife with 2 children at 328 Jyoti Drive in Davenport, Polk County, Florida from June 27, 2018 to May 21, 2020. Prior to that, they lived at 102 Urb Los Arboles, Anarco, Puerto Rico from November 2014 to February 2018 and then at Cane Island Loop, Kissimmee, Florida from February 2018 to June 26, 2018.

14. In and around May 21, 2020, both Plaintiffs were employed as operating room nurses at nearby hospitals.

15. At no time prior to, on or after May 21, 2020 did either Plaintiff ever possess or direct "child pornography" as defined under Florida Law.

16. Deputy Jones, as part of the "Operation Guardians of Innocence V" by the Polk County Sheriff's Department, began an investigation of the Plaintiffs on or about October 23, 2019. As outlined in his search warrant affidavit (Exhibit 1 attached hereto), Deputy Jones spent 7 months investigating before requesting the issuance of a search warrant (#20-481). At no time prior to May 21, 2020, did Deputy Jones ever apply for an arrest warrant for either Plaintiff, as he had no probable cause to do so.

17. Exhibit 1, executed by Deputy Jones at 1:50 p.m. on May 19, 2020, was supplied to Judge Radabaugh, who signed the actual search warrant (Exhibit 2) at 12:19 p.m. May 20, 2020. It identifies only Cassandra Escobar as the subscriber to the account

3

that was purportedly tied to a suspect IP address. It sought the seizure and inspection of all kinds of electronic and computer devices.

18. Other than being identified as the co-owner and resident of the Jyoti Drive address, and owner of a vehicle parked there, Edgardo Acevedo Cancela is not mentioned anywhere in the application for the search warrant.

19. Specifically, at no time prior to the execution of the search warrant on May 21, 2020 did Deputy Jones ever allege that the Plaintiff, Edgardo Acevedo Cancela, possessed or controlled any suspect IP address, account or other means of viewing, possessing or directing child pornography.

20. Further, nothing in the search warrant application (Exhibit 1) even reasonably suggested that the minor children residing in the Acevedo residence were the children depicted in the images/performance described for the Court in the application, images that Deputy Jones had personally viewed.

21. The search warrant signed by Judge Radabaugh was served and executed by the Polk County Sheriff's Department at the direction of Deputy Jones in the early morning hours of May 21, 2020 while the Plaintiffs were away at work as nurses at an area hospital. The search team included a forensics van that was equipped to scan the seized electronic devices set forth in the application while at the scene to determine if "child pornography" was present. Only the children of the household, ages 10 and 13 at the time, were present when the deputies arrived "en masse" to serve the warrant.

22. There was no evidence of "child pornography" found by investigators at the scene on the electronic devices seized, nor at the residence searched.

4

23. On May 21, 2020, at 1:22 p.m., both children from the household were interviewed by Child Protective Investigator A. Hall, in the company of Deputy Christine Smith, and confirmed that at no time had their parents (or anyone else) touched them inappropriately or otherwise acted criminally with them. (See Deputy Smith's report attached as Exhibit 6, Pages 2-3).

24. The Plaintiffs arrived home in the morning, while the search was on-going, and their respective cell phones were seized, the investigators having found nothing criminal in nature during their search. Also upon their arrival, Deputy Jones read the Plaintiffs the search warrant <u>and</u> their Miranda rights, implying that neither one of them were free to leave and were in fact in custody and subject to a custodial interrogation.

25. While enroute to his home from work that morning after learning there was a search going on, Mr. Acevedo had called a lawyer, the name of whom he does not recall, to ask about what was happening at their house. He was advised that if they had a warrant to search the premises, he should simply let it happen.

26. After arriving home, and in spite of already having spoken to a lawyer and Defendant Jones reading him his Miranda rights, Mr. Acevedo went so far to cooperate as to freely give Deputy Jones a <u>recorded</u> statement. It is unknown how Deputy Jones recorded the interview, nor where the recording is. Mr. Acevedo denied having any involvement in child pornography.

27. At the time of the search of the premises, Deputy Jones had not asked the Court for a search warrant for the Plaintiffs' cell phones. At 1017 hours on May 21, 2020, Deputy Christine Smith, who was with Defendant Deputy Sean Jones, signed an

5

application for search warrant (20-299) for Mr. Acevedo's Apple iPhone and Apple watch (Exhibit 3). As reflected in Exhibit 4 attached hereto, a Judge Jacobsen (not Judge Radabaugh) issued the search warrant with respect to Mr. Acevedo's phone at 1045 hours that day, May 21, 2020. (Exhibit 4).

28. Upon being asked by Deputy Jones for the passcode to unlock his and his wife's cell phones, Mr. Acevedo asked to call the lawyer back to make sure that was okay, just like he did on his way home. Deputy Jones refused and demanded the passcode again. Mr. Acevedo again simply asked to call the lawyer back to make sure.

29. Frustrated at Mr. Acevedo's request to speak to a lawyer to make sure it was okay to do so, Deputy Jones decided he now, after a period of hours with nothing showing up on the search of the scene or all of the electronic devices seized, had enough probable cause to arrest Mr. Acevedo (not his wife, who purportedly was somehow tied to the suspect account) for multiple felony counts involving possession, publishing and directing acts of child pornography, when in fact no such probable cause existed. (See the Affidavit attached as Exhibit 5.)

30. On May 21, 2020, at approximately 2:00 p.m., Deputy Jones created and signed the arrest report knowing it would be used to prosecute Mr. Acevedo for multiple child pornography felonies, but it was defective in any number of ways. Exhibit 5 was filed by Defendants with the Polk County Clerk of Court on May 22, 2020 at 9:08 a.m. What Deputy Jones failed to inform the Court and prosecutors, information that he was in possession of, had access to, or knew already, which would have shown the Court and the State Attorney's Office he had no probable cause for an arrest, was that:

  a. A thorough search of the premises and the electronic devices taken from the home had been done at the scene and nothing was found (Exhibit 7); and

  b. The old phone number (with a Puerto Rican exchange) purportedly associated with a suspect account, had been abandoned by the Acevedos when they moved from Puerto Rico to Florida in February, 2018; and

  c. He (Deputy Jones) had done no investigation into what person had actually been using that phone and phone number when the alleged offenses occurred in October 2019, especially since it was not being used nor in the possession of the person he was now arresting for child pornography; and

  d. That Mr. Acevedo had in fact <u>not</u> refused to open his cell phone or give over the passcode to do so, but had only asked to speak to a lawyer before doing so; and

  e. Deputy Jones lied under oath when he alleged that it "had been determined" as a "fact" that Mr. Acevedo Cancela "utilized an electronic storage device to promote a sexual performance of a child . . . and sent five (5) files depicting a pre-pubescent female inserting an object into her vagina to several other Facebook users" when he had no such facts; and

  f. Deputy Jones lied under oath in the affidavit when he swore that Mr. Acevedo Cancela, as a <u>fact</u>, "possessed files (video) that in whole or in part, included sexual content by children less than 18 years of age" when he had no such facts; and

  g. Deputy Jones lied under oath in the affidavit when he stated that "there were two children in the residence who were approximately the same age as some of the child victims observed in the videos . . .", implying that Acevedo's children were depicted in the videos when he already knew it wasn't so.

7

31. In spite of the above, Defendant Jones swore to the allegations in the report (Exhibit 5) and not only made it a matter of public record by filing it with the Clerk, knowing it would be used to hold and prosecute Mr. Acevedo, but presented it to his boss, Sheriff Grady Judd, so he could announce the arrest publicly as part of his "Operation." On May 21, 2020, Mr. Acevedo was arrested and taken to jail, strip-searched, fingerprinted and photographed.

32. Upon her husband being arrested on May 21, 2020 for this most horrifying of crimes, Mrs. Acevedo fainted and EMS had to be called.

33. While in jail, the Plaintiff was so distraught after being falsely charged with directing and being in possession of child pornography, and being taken away from his family, that he had to be put on suicide watch.

34. Deputy Jones knew at the time had made the arrest and accusations that his employer, Sheriff Judd, would be making it widely known to the public in and around central Florida, if not State-wide, that Mr. Acevedo Cancela had been arrested and charged with felony child pornography as part of his "Operation Guardians of Innocence V".

35. In fact, Sheriff Judd did publicly brag about his "Operation's" success, including the names and addresses of the arrestees (including Plaintiff, Mr. Acevedo Cancela) and holding press conferences covered by local media. See (https://www.polksheriff.org/news-investigations/2020/06/16/sixteen-suspects-arrested-during-operation-guardians-of-innocence-v-for-possession-of-child-pornography)

8

36. The Polk County State Attorney's Office, relying on Jones' arrest affidavit, filed a formal "Information" against Mr. Acevedo Cancela (Exhibit 8) and continued to prosecute him after the arrest.

37. When finally released from the Polk County Jail on May 26, 2021, the Plaintiff was still forbidden from seeing his son and stepdaughter and wife, or living under the same roof.

38. On October 3, 2022, nearly a year and a half after Mr. Acevedo Cancela retained a criminal defense lawyer to fight these false allegations, the entire case brought by Deputy Jones against the Plaintiff was dismissed, terminating the criminal prosecution in Plaintiff's favor via a Nolle Prosequi. (Exhibit 9).

## COUNT I
## SECTION 1983 CLAIM AGAINST DEFENDANT, DEPUTY SEAN JONES, FOR FALSE ARREST

Plaintiff, Edgardo Acevedo Cancela, sues Defendant, Deputy Sean Jones, and alleges:

39. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 12 and 13 through 38 of this Complaint as if fully set forth herein.

40. The actions of Deputy Jones in causing the arrest of the Plaintiff, Cancela, in the absence of probable cause were taken in the absence of lawful authority. The actions of Deputy Jones constitute false arrest / false imprisonment of Plaintiff, Cancela.

41. The conduct of Defendant, Deputy Jones, towards Plaintiff, Cancela, was objectively unreasonable and violated the clearly established rights of the Plaintiff,

9

Cancela, under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 to be free from seizure, arrest and confinement in the absence of probable cause.

42. As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, Plaintiff, Cancela, has been brought into public scandal with great humiliation, mental suffering and damaged reputation.

43. As a further and direct and proximate result of the conduct of Defendant, Deputy Jones, the Plaintiff, Cancela, suffered the loss of liberty and freedom and the costs of bond and defense of criminal prosecution, lost wages and earning capacity and those losses are either permanent or continuing and the Plaintiff will suffer such losses in the future, in violation of his civil rights.

**WHEREFORE**, the Plaintiff, Edgardo Acevedo Cancela, demands judgment against Defendant, Deputy Sean Jones, as follows:

   a. For compensatory damages;

   b. For punitive damages;

   c. For costs of this action and attorney's fees pursuant to the provisions of 42 U.S.C. § 1983 and § 1988; and,

   d. Any further relief as allowed by law due to the unlawful conduct of Defendant, Deputy Sean Jones.

**COUNT II**
**SECTION 1983 CLAIM AGAINST DEFENDANT, DEPUTY SEAN JONES FOR MALCIOUS PROSECUTION**

Plaintiff, Edgardo Acevedo Cancela, sues the Defendant, Deputy Sean Jones, and alleges:

44. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 12 and 13 through 38 of this Complaint as if fully set forth herein.

45. Defendant, Deputy Sean Jones, individually, acting under the color of state law as a Sheriff's Deputy, maliciously instituted and continued a criminal prosecution against the Plaintiff. Defendant commenced and continued the criminal prosecution recklessly, without probable cause and without due regard for whether the criminal prosecution against the Plaintiff was justified when he <u>filed</u>, with the Polk County Clerk's Office, Exhibit 5 on May 22, 2020, after having arrested Mr. Acevedo Cancela on May 21, 2020.

46. In fact, even though Defendant, Deputy Sean Jones, initiated the criminal prosecution he failed and refused to take the necessary steps with the Polk County State Attorney's Office to discontinue and end the prosecution after he found out that an Information (Exhibit 8) had been filed based on his reckless and/or deliberate false statements set forth in the affidavit. (Exhibit 5).

47. Deputy Jones' actions toward the Plaintiff, Cancela, as set forth above, were done in the course and scope of his employment as a government official (Sheriff's Deputy) reflect that he (Jones):

    a. Initiated a criminal proceeding;

    b. That ended in the Plaintiff's favor;

    c. Was initiated without probable cause; and

    d. Acted maliciously in the initiation of the prosecution.

48. Defendant, Deputy Jones', actions violated the clearly established rights of the Plaintiff, Cancela, under the Fourth Amendment of the United States Constitution and

42 U.S.C. § 1983 to be free from seizure, arrest and confinement in the absence of probable cause.

49. As a direct and proximate result of the acts described above, the Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, loss of earnings and earning capacity, costs of defense and bond, and the losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff, Edgardo Acevedo Cancela, demands judgment against Defendant, Deputy Sean Jones, as follows:

a. For compensatory damages;

b. For punitive damages;

c. For costs of this action and attorney's fees pursuant to the provisions of 42 U.S.C. § 1983 and § 1988; and,

d. Any further relief as allowed by law due to the unlawful conduct of Defendant, Deputy Sean Jones.

### COUNT III
### STATE LAW CLAIM AGAINST DEFENDANT, SHERIFF GRADY JUDD, IN HIS OFFICIAL CAPACITY AS SHERIFF OF POLK COUNTY, FOR FALSE ARREST

Plaintiff, Edgardo Acevedo Cancela, sues the Defendant, Sheriff Grady Judd, in his official capacity as Sheriff of Polk County, and alleges:

50. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 12 and 13 through 38 of this Complaint as if fully set forth herein.

51. Defendant, Deputy Sean Jones, did not have probable cause to believe that Plaintiff, Cancela, had committed the alleged Florida criminal offenses of possessing,

publishing and directing acts of child pornography and the circumstances known to Defendant, Deputy Jones, were not sufficient to cause a reasonable, cautious person to believe that Plaintiff had committed the aforementioned criminal offenses.

52. Deputy Jones intentionally caused Plaintiff, Cancela, to be arrested and restrained for the alleged criminal offenses of possessing, publishing and directing acts of child pornography. Further, Defendant, Deputy Jones, either purposely caused the arrest and restraint of Plaintiff, or otherwise acted with knowledge that the arrest and restraint of Plaintiff would be substantially certain to occur.

53. The arrest and restraint of Plaintiff, Cancela, was against the will of the Plaintiff and was unlawful, unreasonable and without probable cause.

54. As a direct and proximate result of the aforementioned acts described herein, Plaintiff, Cancela, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

55. As a further direct and proximate result of the conduct of Defendant, Deputy Sean Jones, a deputy of Sheriff Grady Judd, in his official capacity as Sheriff of Polk County, Florida, Plaintiff, Cancela, was arrested, detained and confined in jail and suffered from or incurred injury to his reputation and health, shame, loss of earnings and earning capacity, humiliation and embarrassment, mental anguish, emotional distress, legal expenses, costs of bond and other related expenses.

**WHEREFORE**, Plaintiff, Edgardo Acevedo Cancela, demands judgment against the Defendant, Sheriff Grady Judd, in his official capacity as Sheriff of Polk County, Florida, together with costs of this civil action and any further relief this Court deems appropriate.

## COUNT IV
## STATE LAW CLAIM AGAINST DEFENDANT, SHERIFF GRADY JUDD, IN HIS OFFICIAL CAPACITY AS SHERIFF OF POLK COUNTY, FOR MALICIOUS PROSECUTION

Plaintiff, Edgardo Acevedo Cancela, sues the Defendant, Sheriff Grady Judd, in his capacity as Sheriff of Polk County and alleges:

56. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 12 and 13 through 38 of this Complaint as if fully set forth herein.

57. Defendant, Deputy Jones, while working as a deputy for Defendant, Judd, maliciously instituted and continued criminal prosecution against Plaintiff, Cancela. As an employee of Defendant, Judd, Deputy Jones commenced and continued the criminal prosecution recklessly, without probable cause and without due regard for whether the criminal prosecution against Plaintiff, Cancela, was justified when he filed, with the Polk County Clerk's Office, Exhibit 5 on May 22, 2020, after having arrested the Plaintiff, Cancela, on May 21, 2020.

58. In fact, even though Judd's deputy, Deputy Jones, initiated the prosecution, he failed and refused to take the necessary steps with the Polk County State Attorney's Office to discontinue and end the prosecution after he found out that an Information (Exhibit 8) had been filed based on the reckless and/or deliberate false statements set forth in the affidavit (Exhibit 5).

59. Deputy Jones' actions toward the Plaintiff, Cancela, as set forth above, were done in the course and scope of his employment as a government official (Sheriff's Deputy) reflect that he (Jones):

    a. Initiated a criminal proceeding;

    b. That ended in the Plaintiff's favor;

    c.    Was initiated without probable cause; and

    d.    Acted maliciously in the initiation of the prosecution.

60. As a direct and proximate result of the aforementioned acts described herein, Plaintiff, Edgardo Acevedo Cancela, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

61. As a further direct and proximate result of the conduct of Deputy Jones, a deputy of Sheriff Grady Judd, in his capacity as Sheriff of Polk County, Florida, Plaintiff, Edgardo Acevedo Cancela was arrested, detained and confined in jail and suffered from or incurred injury to his reputation and health, shame, loss of earnings and earning capacity, humiliation and embarrassment, mental anguish, emotional distress, legal expenses, costs of bond and other related expenses.

**WHEREFORE**, Plaintiff, Edgardo Acevedo Cancela, demands judgment for damages against the Defendant, Sheriff Grady Judd, in his capacity as Sheriff of Polk County, Florida, together with costs of this civil action and any further relief this Court deems appropriate.

## COUNT V
## CANCELA'S CLAIM AGAINST DEFENDANT, DEPUTY SEAN JONES FOR DEFAMATION AND LIBEL

Plaintiff, Edgardo Acevedo Cancela, sues the Defendant, Deputy Sean Jones, individually, and alleges:

62. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 12 and 13 through 38 of this Complaint as if fully set forth herein.

63. Defendant, Deputy Jones, a government employee (Deputy Sheriff of Polk County, Florida) wrote down false and misleading statements about the Plaintiff, a private citizen. He did so knowing that his statements were false and that they would lead to the arrest and prosecution of a married man with children for the most heinous of crimes, child pornography and that the false accusations would be made public. (Exhibit 5). He published these falsities to the public and the world at large when he filed it in the Public Record on May 22, 2020.

64. Deputy Jones' defamatory written statements indeed led to this very result and the Plaintiff was publicly handcuffed and arrested, charged and prosecuted for child pornography, with Defendant, Sheriff Judd, making the lies all the more public with his press conferences and public pronouncements before the press and on the Polk County Sheriff's Department website.

65. As a direct and proximate result of the falsities published in writing by Defendant Jones, the Plaintiff, Cancela, was subjected to hatred, distrust, ridicule, contempt and public humiliation, embarrassment and mental and emotional distress and damaged reputation.

**WHEREFORE**, Plaintiff, Edgardo Acevedo Cancela, demands judgment against the Defendant, Deputy Sean Jones, for damages, costs of this action and any other relief this Court deems just and proper.

## COUNT VI
## PLAINTIFFS' CLAIMS AGAINST THE DEFENDANT, DEPUTY SEAN JONES, INDIVIDUALLY, FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, sue the Defendant, Deputy Sean Jones, individually, and alleges:

66. Plaintiffs readopt and reallege the allegations contained in Paragraphs 1 through 12 and 13 through 38 of this Complaint as if fully set forth herein.

67. In the daylight hours of May 21, 2020, Defendant, Deputy Sean Jones, while in the course and scope of his employment with Sheriff Grady Judd, the Sheriff of Polk County, falsely accused and initiated the arrest and prosecution of the Plaintiff, Edgardo Acevedo Cancela on ten counts of child pornography related felonies in the presence of his wife, Cassandra Escobar Caban, at their home located at 328 Jyoti Drive, Davenport, Florida.

68. This publicly humiliating and disgusting occurrence was set in motion by Defendant, Deputy Sean Jones, who knew he had no probable cause or other evidence of Plaintiff, Edgardo Acevedo Cancela, being in possession of or directing child pornography, but did so anyway. Deputy Jones did so out of anger at Mr. Acevedo Cancela, not legitimate law enforcement investigation or evidence of suspected criminal behavior, which he already knew did not exist.

69. Defendant, Deputy Sean Jones', behavior toward the Plaintiffs was reckless, outrageous, beyond all the bounds of decency, odious and utterly intolerable in a civil community, especially coming from a member of law enforcement.

70. These actions were taken by Defendant, Deputy Sean Jones, knowing that such accusations and arrest and prosecution right in front of his wife would cause both

Plaintiffs to suffer severe emotional distress and humiliation, the type of conduct that would cause the average person to exclaim "outrageous".

71. Deputy Jones also knew that because his false allegations were part of Sheriff Judd's "Operation Guardians of Innocence V" that Sheriff Judd would make the allegations very public, which of course he did.

72. As a direct and proximate result of Defendant, Deputy Sean Jones', intentional acts as set forth above, both Plaintiffs suffered severe emotional distress, humiliation, upset and fear, resulting in Plaintiff, Cassandra Escobar Caban, passing out at the scene and needing emergency responders to provide her with medical care; and resulted in Plaintiff, Edgardo Acevedo Cancela being put on a suicide watch upon entry to the Polk County Jail. Their severe emotional distress continued as the prosecution dragged out for over 28 months.

73. All of the criminal charges against the Plaintiff, Edgardo Acevedo Cancela, were ultimately dismissed via the Nolle Prosequi attached hereto. See Exhibit 9.

74. As a direct and proximate result of Deputy Jones' intentional infliction of emotional distress set forth above, both Plaintiffs were brought into public disrepute, disdain, and suffered severe emotional distress and upset.

**WHEREFORE**, based upon the foregoing, the Plaintiffs respectfully entry of a judgment for damages against the Defendant, Deputy Sean Jones, individually, and for such other further relief this Court deems just and proper.

## COUNT VII
## LOSS CONSORTIUM CLAIM ON BEHALF
## OF PLAINTIFF, CASSANDRA ESCOBAR CABAN

75. Plaintiff, Cassandra Escobar Caban, hereby realleges, readopts, and reincorporates Paragraphs 1 through 38, 40 through 43, 45 through 49, 51 through 55, 57 through 61, 63 through 65, and 67 through 74 of this Complaint above as if fully set forth herein, together with the State Law and Federal Civil Rights claims outlined above and sues the Defendants, Deputy Sean Jones and Sheriff Grady Judd, and alleges:

76. That as a direct and proximate result of the illegal arrest and detention and prosecution of Edgardo Acevedo Cancela, her then husband, by the Defendants, Sheriff Grady Judd and Deputy Sean Jones, and the lies published about him, as aforesaid, the Plaintiff, Cassandra Escobar Caban, was caused to suffer in the past and will suffer in the future the loss of her husband's services, companionship and consortium, mental and emotional anguish, disdain and ill repute.

**WHEREFORE**, the Plaintiff, Cassandra Escobar Caban, hereby demands judgment for damages against Defendants, Sheriff Grady Judd in his official capacity as Polk County Sheriff and Deputy Sean Jones, individually, together with costs of this civil action and any further relief this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, hereby demand a jury trial in this action.

**DATED** this 31st day of October, 2023.

*[signature]*

DANIEL P. FAHERTY, ESQUIRE
Florida Bar No. 379697
TELFER, FAHERTY & ANDERSON, P.L.L.C.
815 South Washington Avenue
Suite 201
Titusville, FL 32780
Telephone No.: (321) 269-6833
Facsimile No.: (321) 383-9970
Counsel for Plaintiffs
cguntner@ctrfa.com
croca@ctrfa.com