## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EDGARDO ACEVEDO CANCELA and
CASSANDRA ESCOBAR CABAN,**

    **Plaintiffs,**

**vs.**                          **CASE NO.: 8:23-cv-02480-MSS-JSS**

**SHERIFF GRADY JUDD, in his
Official Capacity as Sheriff of
Polk County, Florida; and
DEPUTY SEAN JONES,**

    **Defendants.**

_____/

## <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>

Defendants, SHERIFF GRADY JUDD, in his Official Capacity as Sheriff of Polk County, Florida ("Sheriff Judd"); and DEPUTY SEAN JONES ("Deputy Jones"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move this Court to dismiss all counts of Plaintiffs', EDGARDO ACEVEDO CANCELA ("Cancela") and CASSANDRA ESCOBAR CABAN ("Caban"), Complaint (Doc. 1) for failure to state a claim upon which relief may be granted. In support of this Motion, Defendants provide the following memorandum of law:

{01176077-1 }                      1

**BACKGROUND**

The relevant facts as alleged by the Complaint and the exhibits attached thereto are as follows:[1]

1.  On October 23, 2019, Deputy Jones received three CyberTip reports from the National Center for Missing and Exploited Children (the "NCMEC"), a congressionally mandated reporting mechanism for cases of child sexual exploitation, where Facebook had reported that a particular user had "uploaded and received illicit images using their Facebook account." (Doc. 1-2 at 6; Doc. 1-6 at 2). Facebook had provided dates and times for the file uploads ranging from May 18, 2019 to July 12, 2019. (Doc. 1-2 at 7; Doc. 1-6 at 2). Facebook had also noted that one of the accounts uploading those files and receiving those files was under the name "Austin Rose," had an email address of "austinerose9990@yahoo.com," and had been logged into from IP address 173.171.115.244. (Doc. 1-2 at 7; Doc. 1-6 at 2-3).

2.  Deputy Jones reviewed the files provided in the CyberTip reports and observed *inter alia* (1) that "user 'Austin Rose' sent at least five (5) files depicting a pre-pubescent female inserting an object into her vagina to four other Facebook users;" and (2) "files depicted pre-pubescent children either exposing their genitals in a lewd manner or they were engaged in sexual contact with

---

[1] Plaintiff does not dispute in any meaningful way the facts that Deputy Jones averred in support of the search warrant (Doc. 1-2), set forth in paragraphs 1 through 8 of this Motion. (*See* Doc. 1 ¶¶ 13-20). As is relevant to this Motion, Plaintiff at most alleges that certain information was absent from the application for the search warrant. (Doc. 1 ¶¶ 18-20).

{01176077-1 }                          2

apparent adults." (Doc. 1-2 at 7; *see also* Doc. 1-6 at 2-3). Deputy Jones found these files to be in violation of § 827.071. Florida Statutes, which proscribes sexual performance by a child and child pornography. (Doc. 1-2 at 7; Doc. 1-6 at 2-3).

3.    Deputy Jones utilized MaxMind, a company that provides IP geolocation services, to search the IP addresses connected with the 'Austin Rose' account (173.171.115.244) and discovered that the IP address was assigned to Charter Communications ("Charter"). (Doc. 1-2 at 7; Doc. 1-6 at 2).

4.    Deputy Jones subpoenaed Charter for the subscriber information regarding the account assigned to the 173.171.115.244 IP address. (Doc. 1-2 at 7; Doc. 1-6 at 3). Charter responded to the subpoena with the following information:

> Subscriber Name: Cassandra Escobar
> Address: 328 Jyoti Drive, Davenport, FL 33837
> Phone: (787) 515-2628
> Account Number: 630681801

(Doc. 1-2 at 7; Doc. 1-6 at 4).

5.    Deputy Jones searched the Florida Driver and Vehicle Database ("D.A.V.I.D.") and discovered that the persons with 327 Jyoti Drive as their most recent residential address were Cassandra Escobar Caban (Plaintiff), Edgardo Acevedo Cancela (Plaintiff), and Juanita Cancela Lebron. (Doc. 1-2 at 8).

6.    Deputy Jones surveilled 327 Jyoti Drive on several dates and times but observed no persons at the residence. (Doc. 1-2 at 8; Doc. 1-6 at 4). On one

occasion, Deputy Jones observed two vehicles parked in the garage and, after searching the vehicles' tag numbers through D.A.V.I.D., learned that one vehicle was registered to Caban and the other to Cancela. (Doc. 1-2 at 8; Doc. 1-6 at 4)

7.     Deputy Jones again subpoenaed Charter requesting account information regarding the subscriber and IP address history for Account 630681801. (Doc. 1-2 at 8; Doc. 1-6 at 4). Charter responded to the subpoena with information showing that the IP address at issue was in service at the 328 Jyoti Drive residence from September 20, 2018 through April 30, 2020. (Doc. 1-2 at 8; Doc. 1-6 at 4). That time period encompasses all of the dates on which the child pornographic files at issue had been uploaded to Facebook: May 18, 2019 to July 12, 2019. (Doc. 1-2 at 7; Doc. 1-6 at 2).

8.     Deputy Jones searched the Polk County Property Appraiser's website regarding 328 Jyoti Drive and found the same to be owned 50% by Cancela and 50% by Caban. (Doc. 1-2 at 8).

9.     Based on the above facts, Deputy Jones submitted a sworn application for a search warrant (Doc. 1-2), seeking to search the 328 Jyoti Drive residence and the electronic storage devices therein, including cloud storage, for evidence of child pornographic images. (Doc. 1-2 at 2-3; Doc. 1-6 at 4). Judge John Radabaugh of the Circuit Court in and for Polk County Florida issued the search warrant (Doc. 1-3) on May 20, 2020. (Doc. 1-6 at 4).

10.     The following day, Deputy Jones along with Deputy Christine Smith various other PCSO deputies and detectives (collectively, the "Warrant Team")

executed the search warrant. (Doc. 1-6 at 4). The Warrant Team found two children in the residence, one boy and one girl, whom Deputy Jones noted were approximately the same age as some of the child victims he had observed in the CyperTip reports he had personally reviewed. (Doc. 1-6 at 4, Doc. 1-7 at 1-2).

11.    Caban and Cancela later returned to the residence, at which time Deputy Jones read them the search warrant and their Miranda rights. (Doc. 1-6 at 4, Doc. 1-7 at 2). Deputy Jones conducted a recorded interview with Cancela, who denied any involvement with the child pornography and requested to speak to an attorney. (Doc. 1-6 at 4).

12.    Deputy Jones then sent an exigent request to Yahoo seeking subscriber information regarding the "austinrose9990@yahoo.com" email address. (Doc. 1-6 at 4). Yahoo responded, providing the login activity and subscriber details, which included the phone number 787-624-9498 used to verify the email account. (Doc. 1-6 at 4). Deputy Jones then discovered, through law enforcement resources and post-Miranda admission by Caban, that the phone number was Cancela's previous cell phone number. (Doc. 1-6 at 4).

13.    Based on all of the above, Deputy Jones arrested and charged Cancela for (1) promoting the sexual performance of a child, in violation of Florida Statutes § 827.071(3); and (2) possessing with intent to promote child pornography, in violation of Florida Statutes 827.071(4). (Doc. 1-6 at 4-5).

14.    Assistant State Attorney Bradford H Copley subsequently filed an Information against Cancela for promoting sexual performance of a child, in violation of Florida Statutes § 827.071. (Doc. 1-9 at 1).

15.    On October 3, 2022, Assistant State Attorney Lauren Schultz terminated and dismissed the criminal case against Cancela by *nolle prosequi*, noting therein that the State "obtained additional evidence and determined that the charge cannot be proven beyond a reasonable doubt." (Doc. 1-10).

Plaintiffs subsequently brought this suit, alleging the following causes of action:¶

a.  Cancela alleges false arrest against Deputy Jones pursuant to 42 U.S.C. § 1983 (Count I);

b.  Cancela alleges malicious prosecution against Deputy Jones pursuant to 42 U.S.C. § 1983 (Count II);

c.  Cancela alleges false arrest against Sheriff Judd pursuant to state law (Count III);

d.  Cancela alleges malicious prosecution against Sheriff Judd pursuant to state law (Count IV);

e.  Cancela alleges defamation and libel against Deputy Jones (Count V);

f.  Cancela alleges intentional infliction of emotional distress against Deputy Jones (Count VI);

g. Caban alleges intentional infliction of emotional distress against Deputy Jones (Count VI);

h. Caban alleges loss of consortium against Deputy Jones (Count VII); and

i. Caban alleges loss of consortium against Sheriff Judd (Count VII).

(Doc. 1).

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the court must accept a plaintiff's allegations as true when considering a motion to dismiss, a plaintiff's unsupported conclusions of law or mixed fact and law, "unwarranted factual deductions," and "legal conclusions masquerading as facts" will not prevent a Rule 12(b)(6)

dismissal. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012); *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

## ARGUMENT

Defendants herein address each count of the Complaint in turn and show that each fails to state a cause of action, and thus that the Complaint should be dismissed. Deputy Jones thereafter demonstrates that he has qualified immunity against all counts brought against him.

### I. § 1983 False Arrest v. Deputy Jones (Count I)

Cancela alleges that Deputy Jones lacked probable cause and lawful authority when arresting Cancela and therefore violated Cancela's rights under the Fourth Amendment to the United States Constitution to be free from seizure, arrest, and confinement in the absence of probable cause. (Doc. 1 ¶¶ 40-41).

To prevail on a claim for false arrest pursuant to the Fourth Amendment, a plaintiff must establish "(1) that the legal process justifying his seizure was constitutionally infirm and (2) that his seizure would not otherwise be justified without legal process." *Williams v. Aguirre*, 965 F.3d 1147, 1165 (11th Cir. July 13, 2020). "The existence of probable cause at the time of arrest, however, constitutes an absolute bar to a section 1983 action for false arrest." *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004).

Probable cause exists where "a reasonable officer could conclude ... that there was a substantial chance of criminal activity." *Washington v. Durand*, 25 F.4th 891, 902 (11th Cir. Feb. 7, 2022) (quoting *District of Columbia v. Wesby,*

{01176077-1}                                                8

583 U.S. 48, 56-57 (2018)). Probable cause does not require an actual showing of criminal activity, nor is it a "high bar." *Wesby*, 583 U.S. at 57 (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983); *Kaley v. United States*, 571 U.S. 32, 338 (2014)). "[A]rresting officers, in deciding whether probable cause exists, are not required to sift through conflicting evidence or resolve issues of credibility, so long as the totality of the circumstances present a sufficient basis for believing that an offense has been committed." *Paez v. Mulvey*, 915 F.3d 1276, 1286 (11th Cir. 2019) (quoting *Dahl v. Holley*, 312 F.3d 1288, 1234 (11th Cir. 2002)). While intentional or reckless material misstatements or omissions in a warrant affidavit could violate the Fourth Amendment, negligent misstatements or omissions do not. *Paez*, 915 F.3d at 1287. A prosecutor's decision to drop charges against a criminal defendant is immaterial to determining the validity of the arrest. *Marx v. Gumbinner*, 905 F.2d 1503, 1507 (11th Cir. 1990).

The ultimate question is whether Deputy Jones had probable cause to arrest Plaintiff for promoting the sexual performance of a child, in violation of Florida Statutes § 827.071(3), or for possession with the intent to promote child pornography, in violation of Florida Statutes § 827.071(4). This question resolves in the affirmative for each charge, as addressed in turn below.

### A.   Promoting the Sexual Performance of a Child

The offense of promoting the sexual performance of a child is set forth in § 827.071(3), Florida Statutes (2020), which provides in full:

> A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he or she produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Put another way, a person violates § 827.071(3) when he (1) produces, directs, or promotes any performance including sexual conduct of a child less than 18 years of age; and (2) when doing so, knows the character and content thereof. Each of these elements is satisfied in this case, and Deputy Jones clearly had probable cause to arrest for promoting the sexual performance of a child.

Here, through the steps outlined in the Background section of this Motion, Deputy Jones had linked the "Austin Rose" account uploading child pornography to Facebook to Cancela as (1) the associated IP address belonged to the Charter account of Caban, who owned and occupied the same residence as Cancela and thus could be reasonably assumed to share computers; (2) the time period in which the pornographic videos were uploaded was within the time that the IP address at issue was being used at the residence; and (3) the email address linked to the "Austin Rose" account was set to be verified by a phone number linked to Cancela. Deputy Jones further observed that the girl found in the residence was of a similar age to the girl he observed in the pornographic videos. It can be reasonably inferred from these facts that Cancela, as an owner and resident of a residence using an IP address through which child pornography had been uploaded to Facebook, did promote the sexual conduct of the child while knowing

of the pornographic contents of the video. Accordingly, Deputy Jones had probable cause to arrest Cancela for promoting the sexual performance of a child.

As if these meticulously documented facts were not enough to establish in any reasonable person's mind that probable cause existed here, other federal courts have found these exact sort of IP traces and subpoenas to service providers to create probable cause to arrest for offenses related to child pornography. *See, e.g., Tuskan v. Jackson County*, 134 F.Supp.3d 1041, 1049-50 (S.D. Miss. Sep. 25, 2015) (arguable probable cause to arrest existed where officer had obtained information indicating that IP address associated with defendant had downloaded child pornography); *Brayshaw v. Garrett*, 2011 U.S. Dist. LEXIS 19994 at *17 n.4 (N.D. Fla. Jan. 6, 2011) (explaining chain of probable cause supporting arrest through IP tracing and subpoenas of website owners and phone provider). Accordingly, Plaintiff's claim that Deputy Jones lacked probable cause to arrest Cancela for promoting the sexual performance of a child is entirely rebutted by the exhibits attached to the Complaint.

Having shown that Deputy Jones had probable cause to arrest Plaintiff for promoting the sexual performance of a child, Plaintiff cannot have suffered false arrest as a matter of law. Accordingly, Count I of the Complaint is due to be dismissed with prejudice.

### B.    Possession with Intent to Promote Child Pornography

The offense of possession with intent to promote child pornography is set forth in § 827.071(4), Florida Statutes (2020), which provides in full:

> It is unlawful for any person to possess with the intent to promote any photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, includes any sexual conduct by a child. The possession of three or more copies of such photograph, motion picture, representation, or presentation is prima facie evidence of an intent to promote. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Put another way, a person violates § 827.071(3) when he (1) possesses any photograph, motion picture, exhibition, show, representation, or other presentation which includes any sexual conduct by a child; (2) with intent to promote any of those types of representation. As stated in the statute, possession of three or more copies of the representation constitutes prima facie evidence of intent.

As explained above stated above in Section I.A. of this Motion, Deputy Jones had linked Cancela to the "Austin Rose" account which had uploaded five pornographic videos through the associated IP address and email account which were linked to Cancela and his residence as well as the similarity in age of the girl Deputy Jones observed in the videos and the girl found at the residence. Possession could be reasonably inferred from the fact that the IP address was uploaded from an account associated with a residence which Cancela owned and occupied. Given that five child pornographic videos had been uploaded by the account, the statutory presumption of intent to promote applied. Accordingly, each of the two elements is satisfied in this case, and Deputy Jones clearly had probable cause to arrest for possession with the intent to promote child

{01176077-1 }                                              12

pornography. Additionally, the caselaw cited and the arguments against Plaintiffs' attacks to Deputy Jones' Arrest Affidavit, each set forth above in Section I.A. of this Motion, similarly apply here.

Having shown that Deputy Jones had probable cause to arrest Cancela on each element of both (A) promoting the sexual performance of a child and (B) possession with intent to promote child pornography, either of which would be sufficient to justify the arrest at issue, Cancela cannot have suffered false arrest as a matter of law. Accordingly, summary judgment is due in favor of Deputy Jones's favor as to Count I.

## II.    § 1983 Malicious Prosecution v. Deputy Jones (Count II)

Cancela next attempts to allege a cause of action for malicious prosecution against Deputy Jones pursuant to 42 U.S.C. § 1983. To establish a federal claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must prove "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019).  The elements of the common law tort of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (citing *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003)).

Here, as explained above in Section I of this Motion, Deputy Jones had actual, or at least arguable, probable cause to obtain an arrest warrant against Cancela for the offenses of promoting the sexual performance of a child and/or possession with intent to promote child pornography. Accordingly, Cancela cannot show a lack of probable cause and cannot state a claim for malicious prosecution under 42 U.S.C. § 1983. Count II is thus due to be dismissed with prejudice.

### III.   State Law False Arrest v. Sheriff Judd (Count III)

Plaintiff next alleges a cause of action for false arrest pursuant to Florida law against Sheriff Judd. Much like federal law, probable cause is a complete defense to a false arrest claim brought under Florida law. *Mathis v. Coats*, 24 So.3d 1284, 1288-1290 (Fla. 2d DCA 2010). As explained above in Section I of this Motion, Deputy Jones had probable cause, or at the very least arguable probable cause, to arrest Cancela. Accordingly, no action for false arrest can lie against the Sheriff, and Count III is due to be dismissed.

Furthermore, Sheriff Judd is immune from Plaintiff's state law false arrest claim pursuant to the common law doctrine of sovereign immunity, which provides that a governmental entity "cannot be sued in its own courts without its consent." *R.R. Co. v. Tennessee*, 101 U.S. 337, 339 (1879); *see Alden v. Maine*, 527 U.S. 706, 745-46 (1999) (collecting cases). This immunity may be abrogated by statute, as is the case with Florida Statutes § 768.28. § 768.28(1), Fla. Stat. Because Sheriff Judd is sued in his official capacity as Sheriff of Polk County,

Sheriff Judd may raise the defense of sovereign immunity to Plaintiffs' claim for deliberate indifference to a serious medical need. *Beard v. Hambrick*, 396 So.2d 708, 711 (Fla. 1981) (citing Art. VIII, § 1, Fla. Const.).

Florida's sovereign immunity statute, § 768.28, provides a limited waiver of immunity in tort actions where the alleged tort was caused by a "negligent or wrongful act or omission." § 768.28(1), (14), Fla. Stat. However, where the act was caused by "bad faith, malicious purpose, or wanton and willful disregard of human rights, safety, or property," or where the act was committed by an officer, employee or agent outside the scope of his employment, there is no waiver of sovereign immunity. § 768.28(9)(a), Fla. Stat.

Plaintiff alleges that Deputy Jones lacked probable cause (Doc. 1 ¶ 51) yet "intentionally caused Plaintiff, Cancela, to be arrested and restrained" and "either purposely caused the arrest and restraint of Plaintiff, or otherwise acted with knowledge that the arrest and restraint of Plaintiff would be substantially certain to occur" (*Id.* ¶ 52). As Plaintiff alleges that Deputy Jones intentionally arrested Cancela without probable cause, Plaintiff's claim as pleaded falls outside of the limited sovereign immunity waiver and thus cannot survive Sherrif Judd's sovereign immunity. Accordingly, Count III of the Complaint should be dismissed.

## IV.    State Law Malicious Prosecution v. Sheriff Judd (Count IV)

Plaintiff next alleges a cause of action for malicious prosecution pursuant to Florida law against Sheriff Judd. As explained above in Section I of this

Motion, Deputy Jones had actual, or at least arguable, probable cause to obtain an arrest warrant against Cancela for the offenses of promoting the sexual performance of a child and/or possession with intent to promote child pornography. Accordingly, Cancela cannot show a lack of probable cause and cannot state a claim for malicious prosecution under Florida law. Count IV is thus due to be dismissed with prejudice.

Additionally, Sheriff Judd has sovereign immunity against Plaintiff's state law malicious prosecution claim. Malicious prosecution by its very nature requires malice, as explained above in Section II of this Motion. To that end, Cancela alleges that Deputy Jones "while working as a deputy for Defendant, Judd, maliciously instituted and continued criminal prosecution against Plaintiff, Cancela." (Doc. 1 ¶ 57). Sovereign immunity is not waived for malicious acts of a sovereign's employees. § 768.28(9)(a), Fla. Stat. Accordingly, Plaintiff's claim falls outside of the limited sovereign immunity waiver and thus cannot survive Sherrif Judd's sovereign immunity. On this ground as well, Count IV is thus due to be dismissed with prejudice.

## V. Defamation and Libel v. Deputy Jones (Count V)

Cancela next attempts to bring a cause of action against Deputy Jones for purportedly false statements made in the Arrest Affidavit. However, "[p]ublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation." *Gill v. Judd*, 2016 U.S. Dist. LEXIS 194849 at *22-23 (M.D. Fla. Mar. 23, 2016) (quoting *Stephens v. Geoghegan*, 702 So.2d

517, 522 (Fla. 2d DCA 1997)). This Court in *Gill* previously held that Sheriff Judd was entitled to absolute immunity against a defamation action premised on comments made during a media briefing on matters of public concern, in exactly the same manner as is the subject of the instant action. And there can be no reasonable dispute that the drafting and submission of an arrest affidavit subsequent to a warrantless arrest are within the scope of the authoring law enforcement officer's duties. Accordingly, both Deputy Jones and Sheriff Judd are immune from suit for defamation and libel, and Count V of the Complaint is due to be dismissed with prejudice.

Even if the Court were to find that Deputy Jones or Sheriff Judd were not absolutely immune from the defamation and libel actions, none of the allegedly false statements which Plaintiffs allege would be sufficient to support a defamation or libel action. Plaintiffs first allege that Deputy Jones "lied under oath when he alleged that it 'had been determined' as a 'fact' that [Cancela] 'utilized an electronic storage device to promote a sexual performance of a child . . . and sent five (5) files depicting a pre-pubescent female inserting an object into her vagina to several other Facebook users' when he had no such facts." (Doc. 1 ¶ 30.e.). This is instead a reasonable inference from the facts supporting probable cause, as set forth above in Section I of this Motion. Police officers are not required to prove the elements of an offense beyond all reasonable doubt before effecting an arrest. To the extent that Cancela's claim is based on an uncharitable misreading of the Arrest Affidavit, it cannot stand.

Plaintiffs next claim that Deputy Jones "lied under oath in the affidavit when he swore that [Cancela], as a fact, 'possessed files (video) that in whole or in part, included sexual content by children less than 18 years of age' when he had no such facts." (Doc. 1 ¶ 30.f.). To the contrary, the exhibits attached to the Complaint reveal all of the facts from which the possession of child pornographic videos could be reasonably drawn, as explained above in Section I of this Motion.

Plaintiffs finally assert that "Deputy Jones lied under oath in the affidavit when he stated that 'there were two children in the residence who were approximately the same age as some of the child victims observed in the residence who were approximately the same age as some of the child victims observed in the videos...' implying that [Cancela's] children were depicted in the videos when he already knew it wasn't so." (Doc. 1 ¶ 30.g.). Here, Plaintiffs decry a reasonable conclusion drawn from the similarity in observed age. It is first unclear how an "implication"—i.e., an idea that has not in fact been stated—can constitute libel or defamation. Second, even assuming *in arguendo* that Deputy Jones somehow knew that the girl found in the residence was different than the girl shown in the videos, that knowledge is immaterial because both charges are supported regardless of whether the girls are identical. Plaintiffs first do not account for various other reasonable inferences regarding how videos of child pornography could be uploaded to Facebook by an account tied to Cancela's address, and prior phone number; for instance, the video may have been filmed at another location and taken to Plaintiffs' computer, or a different girl could

{01176077-1}                                  18

have been brought to the residence and filmed. All that matters is that Cancela's residence was linked to the Facebook account to which child pornography was uploaded. Furthermore, the age similarity is not the only fact after the search warrant which justified the arrest. Plaintiffs do not allege any constitutional infirmity with the PCSO deputies confirming by their own means and by admission of Caban herself that the phone number used to authorize the Facebook account previously belonged to Cancela. Plaintiffs' allegation of perjury regarding the identity of the individuals is thus entirely immaterial.

## VI. Intentional Infliction of Emotional Distress v. Deputy Jones (Count VI)

Plaintiffs Cancela and Caban each bring a single count for intentional infliction of emotional distress against Deputy Jones, presumably pursuant to Florida law. The cause of action for intentional infliction of emotional distress consists of the following elements:

> (1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he know or should have known that emotional distress would likely result;
> (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
> (3) the conduct caused emotion[al] distress; and
> (4) the emotional distress was severe.

*Legrande v. Emmanuel*, 889 So.2d 991, 994 (Fla. 3d DCA 2004) (quoting *Clemente v. Horne*, 707 So.2d 865, 866 (Fla. 3d DCA 1998)) (emphasis added). "Florida courts use a very high standard in evaluating whether the facts alleged

are sufficiently outrageous to support a claim for intentional infliction of emotional distress." *Foreman v. City of Port St. Lucie*, 294 Fed. Appx. 554, 557 (11th Cir. 2008) (citing *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla. 1985).

Here, Cancela's arrest supported by probable cause cannot constitute outrageous conduct. Indeed, there is nothing outrageous, beyond all bounds of decency, odious, or utterly intolerable about a law enforcement officer effecting a constitutionally permissible arrest furnished by actual, or at least arguable, probable cause. And as explained in Section I of this Motion, the arrest was indeed furnished by actual probable cause. Accordingly, Plaintiffs fail to state a claim for intentional infliction of emotional distress, and Count VI is due to be dismissed with prejudice.

### VII.   Loss of Consortium v. Deputy Jones and Sheriff Judd (Count VII)

Plaintiff Caban attempts to plead a cause of action for loss of consortium against Deputy Jones and Sheriff Judd. As a preliminary issue, Count VII is an improper shotgun pleading which incorporates essentially every allegation and every Count that comes before it. (Doc. 1 ¶ 75). Given that Cancela fails to state claims against either Deputy Jones or Sheriff Judd as set forth in the preceding Sections of this Motion, Caban's derivative claim for loss of consortium fails alongside them. Because Cancela's arrest was furnished with probable cause, there is simply no mechanism by which Deputy Jones or Sheriff Judd can be held

liable for any loss of consortium suffered by Caban as a result of her husband's lawful arrest. Accordingly, Count VII is due to be dismissed with prejudice.

## VIII. Deputy Jones Is Entitled to Qualified Immunity on All of Plaintiffs' Claims (Counts I, II, V, VI, and VII)

Qualified immunity shields a government official from liability unless "the official's conduct 'was so far beyond the hazy border between excessive and acceptable force [that every objectively reasonable officer] had to know he was violating the Constitution even without caselaw on point.'" *Priester*, 208 F.3d at 926 (quoting *Smith v. Mattox*, 127 F.3d 1416, 1419 (11th Cir. 1997)); *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010). "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances.*" *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1280 (11th Cir. 2002) (internal citations omitted); *Santana v. Miami-Dade Cty.*, 688 Fed. Appx. 763, 772 (11th Cir. 2017); *Terrell v. Smith*, 668 F.3d at 1255 (11th Cir. 2012); *Young v. Borders*, 2014 U.S. Dist. LEXIS 195154, at *58 (M.D. Fla. 2014).

For a public official to avail himself of qualified immunity, he "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (citations and quotation marks omitted). A government official acts within the scope of his discretionary authority if "the actions were (1) undertaken

pursuant to the performance of [his] duties and (2) within the scope of [his] authority." *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995). "The determination that an [official] was acting within his or her discretionary authority is a 'low hurdle' to clear." *Sims ex rel. Sims v. Forehand*, 112 F.Supp.2d 1260, 1267 (M.D. Ala. 2000). If the official satisfies this low hurdle, then the burden shifts to the plaintiff to show that the official violated clearly established constitutional law and that qualified immunity is not appropriate. *Sims*, 112 F.Supp.2d at 1267; *Vinyard*, 311 F.3d at 1346; *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019).

To satisfy his burden to show the violation of a clearly established constitutional right, a plaintiff must prove (1) a *prima facie* case of a constitutional deprivation; and (2) that the right violated was clearly established at the time of the violation. *Trammell v. Thomason*, 335 Fed. Appx. 835, 840 (11th Cir. 2009) (citing *Saucier*, 533 U.S. at 201); *Corbitt*, 929 F.3d at 1311 (citing *Griffin Indust., Inc. v. Irvin*, 496 F.3d 1189, 1199-1200 (11th Cir. 2007)). "For a right to be clearly established, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Corbitt*, 929 F.3d at 1311 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). After all, officials are not obligated "to be creative or imaginative in drawing analogies from previously decided cases," and a general "awareness of an abstract right . . . does not equate to knowledge that [an official's] conduct infringes the right." *Id.* at 1311-12 (quoting *Coffin v. Brandau*, 642 F.3d 999, 1015

(11th Cir. 2011)). "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Shuford v. Conway*, 666 Fed. Appx. 811, 816-17 (11th Cir. 2016) (quoting *Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F.3d 821, 826 n.4 (11th Cir. 1997)).

### A. Deputy Jones Was Acting Within the Scope of His Discretionary Authority

A government official acts within his discretionary authority when he acts under color of state law: i.e., "with power possessed by virtue of the defendant's employment with the government entity" as opposed to "acting only as a private individual." *Bouye v. Marshall*, 102 F.Supp. 2d 1357, 1362 (N.D. Ga. 2000), *aff'd sub nom. Bouye v. Gwinnett Cty.*, 265 F.3d 1063 (11th Cir. 2001); *see Bates v. Harvey*, 518 F.3d 1233, 1242 (11th Cir. 2008).

Deputy Jones clears the low hurdle of showing that each was acting within the scope of his discretionary authority. Deputy Jones conducted his investigation after receiving the CyberTips, and effected Cancela's arrest while in the process of executing a lawfully issued search warrant. The burden therefore shifts to Plaintiffs to show that Deputy Jones (1) violated a constitutionally protected right (2) that was clearly established at the time of the violation. Neither of these are present in the instant case, as argued below.

### B.   Deputy Jones Had Arguable Probable Cause to Arrest Plaintiff (Counts I and II)

"An officer is entitled to qualified immunity against false-arrest claims if, based on the totality of the circumstances, the officer had arguable probable cause to effectuate the arrest." *Cottam v. City of Wildwood*, 750 Fed. Appx. 791, 793 (Fla. 11th Cir. 2018) (citing *Davis v. Williams*, 451 F.3d 759, 762-63 (11th Cir. 2006)). The same applies to malicious prosecution. *Zagari v. United States*, 658 Fd. Appx. 501, 506 (11th Cir. 2016) (citing *Alamo Rent-A-Car, Inc. v. Macusi*, 632 1352, 1355 (Fla. 1994)). "Arguable probable cause is a lower standard than actual probable cause, and only requires that, under all of the facts and circumstances, an officer reasonably could—but not necessarily would—have believed that probable cause was present." *Id.* at 793 (citing *Crosby*, 394 F.3d at 1332).

Thus the question is whether Deputy Jones reasonably could have believed that he had probable cause to arrest Plaintiff for either promoting the sexual performance of a child or possession with intent to promote child pornography. The same facts and reasons supporting probable cause, discussed in Section I of this Motion, also satisfy the lower standard of arguable probable cause to an even greater degree. Accordingly, Deputy Jones has qualified immunity against the false arrest claim and Counts I and II are due for dismissal with prejudice.

**C.   Deputy Jones Did Not Violate a Clearly Established, Constitutionally Protected Right (Counts V, VI, and VII)**

Deputy Jones is entitled to qualified immunity against Plaintiff's claims of defamation and libel, intentional infliction of emotional distress, and loss of consortium. For the same reasons stated in Section I of this Motion, the facts of this case simply would not "truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*." *Rowe*, 279 F.3d at 1280. Accordingly, Counts V, VI, and VII are due to be dismissed with prejudice.

## CONCLUSION

WHEREFORE Defendants SHERIFF GRADY JUDD, in his Official Capacity as Sheriff of Polk County, Florida, and DEPUTY SEAN JONES respectfully request that this Court enter summary judgment in Defendants' favor and against Plaintiffs, EDGARDO ACEVEDO CANCELA ("Cancela") and CASSANDRA ESCOBAR CABAN on all counts of the Complaint.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Defendants' counsel has been unable to contact Plaintiffs' counsel regarding the resolution of this Motion. Pursuant to Local Rule 3.01(g)(3), Defendants' counsel will try diligently to contact Plaintiff's counsel for three days and will supplement this Motion with a statement certifying whether the parties have resolved all or part of the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Daniel P. Faherty, Esquire, Telfer, Faherty & Anderson, PLLC, cguntner@ctrfa.com and croca@ctrfa.com; Attorney for Plaintiffs.

*s/ Edward B. Kerr*
HANK B. CAMPBELL
Florida Bar No. 0434515
h.campbell@cttalaw.com
r.roop@cttalaw.com
JONATHAN B. TROHN
Florida Bar No. 0880558
j.trohn@cttalaw.com
s.bosek@cttalaw.com
s.strickland@cttalaw.com
EDWARD B. KERR
Florida Bar No. 1018861
e.kerr@cttalaw.com
CAMPBELL TROHN
  TAMAYO & ARANDA, P.A.
1701 S. FLORIDA AVENUE
LAKELAND, FL 33803
(863) 686-0043
(863) 616-1445 - FAX
Attorneys for Defendants

{01176077-1}                           26