UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDGARDO ACEVEDO CANCELA and
CASSANDRA ESCOBAR CABAN,

                Plaintiffs,        Case No.: 8:23-cv-2480-MSS-UAM

vs.

SHERIFF GRADY JUDD, in his official capacity as
Sheriff of Polk County, Florida, and DEPUTY
SEAN JONES,

                Defendants
_____/

## PLAINTIFF'S UNOPPOSED MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER AND MEMORANDUM OF LAW

Plaintiffs, Antonio Acevedo Cancela and Cassandra Escobar Caban, by and through their undersigned attorney, pursuant to Fed.R.Civ.P. 6(b), hereby files his Motion to Modify the Case Management and Scheduling Order (Doc. 27) entered in this matter on June 26, 2024 and Memorandum of Law, and as grounds would show:

1. On October 31, 2023 Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, filed their Complaint in this matter (Doc. 1).

2. The parties entered into a Case Management Report on January 19, 2024, and said CMR was filed with the Court (Doc. 19). The parties had agreed to a June 2025 trial term as part of the CMR, in part because the undesigned was making plans to be on a family vacation in Iceland in May, 2025. When the Court entered its Case Management and Scheduling Order, a May 2025 trial term was listed.

3. The undersigned counsel for Plaintiffs now has a one week vacation trip planned to Iceland during the week of May 5, 2025 and should this matter be called to trial during that specific week, or any part of it, he would not be available. Of course, if this request is denied, the undersigned will cancel those plans and be before the Court as ordered.

4. My staff communicated with defense counsel and they do not have any objection to the relief sought in this Motion. In fact, defense counsel also recommended that the deadlines for discovery and dispositive motions be moved back an equal amount of time.

5. Given the above, the Plaintiffs' counsel, with the consent of defense counsel, is requesting that the Court modify the Case Management and Scheduling Order filed herein:

    a. moving the trial term to June or July 2025;

    b. extending discovery deadline to November 25, 2024; and

    c. extending the deadline for dispositive motions, *Daubert* motions and *Markman* motions to December 30, 2024

6. This Motion is submitted in good faith and not for the purposes of unnecessary delay. The granting of this Motion will not cause prejudice to the Court or to any party.

## **MEMORANDUM OF LAW**

Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, by and through their undersigned attorney, pursuant to M.D. Local Rule 3.01(a), files this

Memorandum of Law in conjunction with the Plaintiffs' Unopposed Motion to Modify Case Management and Scheduling Order.

Pursuant to Fed.R.Civ.P. 6(b)(1):

When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the part failed to act because of excusable neglect.

This is a false arrest and civil rights lawsuit arising out of a warrantless arrest for child pornography related charges that occurred on May 21, 2020. The Plaintiffs assert that a thorough search of their home on the day of the arrest revealed no evidence of child pornography and that the arrest was thus unconstitutional. Depositions are being scheduled.

No prejudice will attach to any party to the case if the Court grants this modest extension.

By its expressed terms, the Rule affords wide discretion to this Court to enlarge time period established by the Rule or a court order. See *Woods v. Allied Concord Financial Corp.*, 373 F.2d 733 (5th Cir. 1967); *Yanofsky v. Wernick*, 362 F.Supp. 1005 (S.D.N.Y. 1973); *Graham v. Brier*, 418 F.Supp. 73 (S.D. Wis. 1976); *Moore's Federal Practice*, Section 608 (2d Ed. 1984). Rule 6 should be applied liberally "to secure the just, speedy and inexpensive determination of every action." Enlargements of time should be available when a party demonstrates a reasonable basis for such request.

See *Beaufort Concrete Company v. Atlantic States Construction Company*, 352 F.2d 460 (5th Cir. 1965).

## CERTIFICATE OF COUNSEL

Pursuant to M.D. Local Rule 3.01(g), the undersigned conferred with **Hank Campbell, Esquire**, Counsel for the Defendants, and he has indicated that he has no opposition to this Motion.

**WHEREFORE**, Plaintiffs, Edgardo Acevedo Cancela and Cassandra Escobar Caban, pray for an order (a) granting this Motion to modify the Case Management and Scheduling Order entered herein; (b) enlarging the time for the discovery deadlines as enumerated above; (c) enlarging the time for the deadline for dispositive motions, *Daubert* motions and *Markman* motions as enumerated above; (d) moving the trial term in this matter to June or July 2025; and (e ) granting such further relief as this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of July, 2024 a true and correct copy of the foregoing has been served by Electronic Mail via the Court's CM/ECF System to the following:

EDWARD B. KERR, ESQUIRE
HANK CAMPBELL, ESQUIRE
CAMPBELL, TROHN, TAMAYO & ARANDA, P.A.
Attorney for Defendants
1701 South Florida Avenue
Lakeland, FL   33803
h.campbell@cttalaw.com
i.morfin@cttalaw.com
j.trohn@cttalaw.com
s.bosek@cttalaw.com
s.strickland@cttalaw.com
e.kerr@cttalaw.com

DANIEL P. FAHERTY, ESQUIRE
Florida Bar ID No.: 379697
Telfer, Faherty & Anderson, P.L.L.C.
815 South Washington Avenue
Suite 201
Titusville, FL   32780
Telephone:   321-269-6833
Facsimile:    321-383-9970
Counsel for Plaintiffs
cguntner@ctrfa.com
croca@ctrfa.com